**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Andrew Embler, | Case No. 24-20286 (JJT) |
| Debtor. | Re: ECF Nos. 22, 41 |

## MEMORANDUM OF DECISION ON ORDERS TO SHOW CAUSE

Before the Court are two Orders to Appear and Show Cause (ECF Nos. 22, 41) directed at the Debtor's attorney, Scott A. Garver ("Attorney Garver"). The first of the two orders, issued on June 14, 2024, directed Attorney Garver to appear at a hearing before this Court and "show cause why [he] should not be sanctioned for bad faith conduct related to the failure to attend the meeting of creditors required by 11 U.S.C. § 341 or otherwise cooperate with the Chapter 7 trustee." Attorney Garver did not appear at the hearing on the first order.

The Court then issued the second Order to Show Cause on July 24, 2024, again directing Attorney Garver to appear and explain his failure to appear at the Meeting of Creditors, but also requiring an explanation for why he advised the Debtor to not appear at those meetings. That order also warned Attorney Garver that this Court might refer him to the appropriate disciplinary authority and would consider sanctions for contempt of court.

On August 8, 2024, the Court held another hearing on the Orders to Show Cause, at which the Debtor, Attorney Garver, the Chapter 7 Trustee, and the

attorney for the United States Trustee appeared and were heard. After the Court's admonitions from the bench in Attorney Garver's presence, the Court indicated on the record that it would issue certain sanctions to be embodied in a written decision. This is that decision.

1. Background

The initial Meeting of Creditors was scheduled for May 6, 2024, but was then continued due to requested documents not being provided to the Chapter 7 Trustee (ECF Nos. 6, 13). Neither Attorney Garver nor the Debtor appeared at the continued Meeting of Creditors on May 20, 2024 (ECF No. 15). That day, the Chapter 7 Trustee filed a motion to dismiss for failure to attend the meeting (ECF No. 14). On June 3, 2024, the Debtor appeared at the continued meeting, but, without excuse or notice to the Chapter 7 Trustee, Attorney Garver did not appear (ECF No. 18).

The Court held a hearing on the motion to dismiss on June 13, 2024, at which it heard from the Chapter 7 Trustee that Attorney Garver had effectively told the Debtor not to attend the Meeting of Creditors and had indicated that he would not provide the Chapter 7 Trustee with requested documents. The Court issued the first Order to Show Cause the following day.

Meanwhile, the Meeting of Creditors concluded on June 17, 2024 by virtue of the Debtor's pro se appearance and cooperation. The Chapter 7 Trustee then filed a

Report of No Distribution that day (ECF No. 24),[1] which led to the Debtor receiving his discharge on July 24, 2024 (ECF No. 40).

2. Discussion

Under 11 U.S.C. § 329(a):

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Section 329(a) is implemented by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, which requires the filing the statement of compensation and is often done on Form 2030, colloquially called the 2016(b) Form.

Attorney Garver filed his 2016(b) Form with the Debtor's petition (ECF No. 1). On the form, he indicated that he had accepted $1,500 for legal services in this bankruptcy case, including, among other things, "[r]epresentation of the debtor at the meeting of creditors[.]" Despite this statement, Attorney Garver made no such effort to represent the Debtor at the Meeting of Creditors or to facilitate responses to the Chapter 7 Trustee's document requests. Moreover, based upon the Debtor's representations, Attorney Garver lied to the Debtor about whether he needed to attend the meeting of creditors.[2]

---

[1] The Trustee also withdrew his motion to dismiss (ECF No. 36).

[2] Attorney Garver's lies were not limited to ones made to the Debtor. When asked at the August 8, 2024 hearing whether he had previously been disciplined by the state court, he indicated that he had been one prior time for misappropriation of client funds and had been suspended for a period of time. When asked to clarify whether he had had proceedings before the Statewide Grievance Committee,

3

At the August 8, 2024 hearing, Attorney Garver did not dispute the accounts of the Debtor and the Chapter 7 Trustee (other than to dispute the alleged harshness with which he informed the Chapter 7 Trustee's paralegal that no documents would be forthcoming). He instead stated that he has been overwhelmed by his work and apologized.

Attorney Garver failed to do the work he promised the Debtor he would do in this case and, based upon the Debtor's account, failed to do likewise in the Debtor's prior dismissed case. Only through the Debtor's own efforts, coupled with the Chapter 7 Trustee's patience, was the Debtor able to submit required documents, attend the Meeting of Creditors, and achieve his discharge. "The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007). The Court is heartened that such was achieved here, but it was through no effort of Attorney Garver.

Under 11 U.S.C. § 329(b), if the compensation paid to a debtor's attorney "exceeds the reasonable value of such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]" "What constitutes reasonableness is a question of fact to be determined by the particular circumstances of each case. The requested compensation may be reduced

---

he indicated that the suspension was related to proceedings before the committee. After the United States Trustee provided Attorney Garver with a copy of the information available on the Connecticut Judicial Branch website for Attorney Garver, the Court reviewed a print-out of that information and made it a court exhibit. The Court History indicates that Attorney Garver has been suspended by the Superior Court five separate times and reprimanded once. The Statewide Grievance Committee History indicates that Attorney Garvey has had six different presentments, along with other notations.

4

if the court finds that the work done was excessive or of poor quality." 3 Collier on Bankruptcy ¶ 329.04[1].

Attorney Garver failed to do the very acts he said he would in the 2016(b) Form and, moreover, neglected to do the fundamental acts needed to advance this case. In this no-asset Chapter 7 case, Attorney Garver's proffered excuses are simply not credible nor are they acceptable professional conduct. Thus, the Court will require the disgorgement of his $1,500 legal fee as unreasonable given Attorney Garver's profound inaction in this case. *See* 11 U.S.C. § 329(b); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

The Debtor's damages, however, go beyond merely the legal fees paid. Between the $1,500 in legal fees, $313 filing fee,[3] $180 for the vacation day the Debtor used to attend the August 8, 2024 hearing, and travel time and costs, the Court determines that the Debtor has been damaged in the amount of $2,100. Thus, besides requiring disgorging the $1,500 paid for legal fees, the Court will order that the entire $2,100 be paid as compensatory damages as a civil sanction. *See In re Markus*, 78 F.4th 554, 565 (2d Cir. 2023) (bankruptcy court has inherent authority to sanction attorneys that practice before it); *see also In re Reyes*, 651 B.R. 99, 132–33 (Bankr. S.D.N.Y. 2023) ("the Court has the inherent power to sanction attorneys for misconduct that is not undertaken for the client's benefit and no finding of bad faith is required for a court to issue sanctions in these circumstances") (cleaned

---

[3] Due to Attorney Garver's failures, the Debtor's prior Chapter 7 case was dismissed, necessitating the filing of the instant case.

5

up).[4] Attorney Garver's actions over the course of two bankruptcy cases, have damaged the Debtor to the extent noted—if not more.[5]

Finally, Attorney Garver's actions (or inaction) call into question whether he has violated his obligations under the Connecticut Rules of Professional Conduct. Rule 1.1 requires that he "provide competent representation to a client[,]" which "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Rule 1.3 requires that he "act with reasonable diligence and promptness in representing a client." Rule 3.3 requires that he "not knowingly: (1) Make a false statement of fact . . . to a tribunal or fail to correct a false statement of material fact . . . previously made to the tribunal[.]" The information presented in this matter demonstrates that Attorney Garver may have violated these rules, along with others. To that extent, the Court will have a copy of this decision and order transmitted to the appropriate disciplinary authorities to commence proceedings at their discretion.

---

[4] To the extent invoking inherent authority as the source for sanctions requires finding bad faith and that Attorney Garver failed to comply with a clear and unambiguous order, his noncompliance is clear and convincing, and that he has not diligently attempted to comply in a reasonable manner. *Id.* at 567. The Court finds that Attorney Garver failed to comply with the Court's first order to show cause (ECF No. 22) in that he (1) failed to appear at the hearing on that order and (2) failed to then assist the Debtor at subsequent meeting of creditors or to otherwise cooperate with the Chapter 7 Trustee. His belated excuses (or lack thereof) at the August 8, 2024 hearing show by clear and convincing evidence that he did not attempt to comply with the order in a reasonable manner. All of this, coupled with this lack of candor with this Court, are clear and convincing evidence of bad faith.
[5] These actions—particularly the lack of candor with this Court—also warrant the imposition of a one-year suspension from practicing before the United States Bankruptcy Court for the District of Connecticut. *See In re Reyes*, 651 B.R. at 133 (citing *In re Snyder*, 472 U.S. 634, 643 (1985)); *see also* 11 U.S.C. § 105(a).

6

3. Conclusion

Based upon Attorney Garver's neglect, professional misconduct, and dereliction of duties as the Debtor's legal counsel, and pursuant to the inherent authority of this Court to sanction attorneys in proceedings before it, it is hereby ORDERED:

(1) Attorney Garver shall within ninety (90) days of the date of this order pay $2,100 in good funds to the Debtor, with such amount to be paid in $700 installments every thirty (30) days;

(2) Attorney Garver shall promptly pay $250 in good funds to the Connecticut Bar Association, earmarked for the Robert L. Krechevsky Pro Bono Fund, with such $250 to be contributed on behalf of Anthony Novak, Chapter 7 Trustee, and mailed to the Connecticut Bar Association, ATTN: Philip Ponticelli, Controller, 538 Preston Avenue, 3rd Floor, Meriden, CT 06450;

(3) Except for any transition exception authorized by any bankruptcy judge of the District of Connecticut for currently pending bankruptcy proceedings, Attorney Garver's privileges to practice before or file pleadings in the United States Bankruptcy Court for the District of Connecticut are hereby suspended for a period of one (1) year, effective August 13, 2024;

(4) The Clerk of the Court shall take such actions as are necessary to effectuate Attorney Garver's suspension, including suspending of Attorney Garver's CM/ECF privileges;

(5) The Clerk of the Court shall make a notation on each open case in which Attorney Garver has previously represented a party that he is now barred from filing in this Court and shall file a copy of this order on the docket of that case and send a copy of this order to each debtor at the address of record;

(6) Upon good and sufficient cause appearing in the record of these proceedings, a copy of this decision and order shall be transmitted by the Court to the Connecticut Statewide Grievance Committee and the Grievance Committee of the United States District Court for the District of Connecticut to commence proceedings at their discretion;

(7) Attorney Garver shall certify, upon the record of this case, his compliance with subsections (1) and (2) above by filing appropriate certifications of compliance upon the docket by mailing a copy of such certification to the Clerk of the Court for entry upon the docket and serve such upon the Debtor, the Chapter 7 Trustee, and the United States Trustee;

(8) In the absence of timely and good faith compliance with this order, Attorney Garver will be directed to appear and show cause before this Court to address why he should not be held in civil contempt and subjected to additional sanctions;

(9) A copy of this order shall be docketed in this case and shall be served by the Clerk of the Court upon Attorney Garver, the Debtor, the Chapter 7 Trustee, and the United States Trustee; and

(10) For good and sufficient cause, including the protection of the public and its interests, any stay of this order by this Court is waived.

IT IS SO ORDERED at Hartford, Connecticut this 12th day of August 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut